UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICHARD KEITH JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:13-cv-00173-WTL-WGH |
| ) | |
| INDIANA DEPARTMENT OF ) | |
| CORRECTIONS, BRUCE LEMMON, ) | |
| AL PARKE, MIKE RAINS, ) | |
| RICHARD BROWN, F. LITTLEJOHN, ) | |
| M. GADBERRY, JOSEPH Dr., ) | |
| JERRY SNYDER, MATT LEOHR, ) | |
| B. GILMORE, C. NICOLSON, ) | |
| J. SHROYER, J. SCHMITT, ) | |
| B. SCOTT, MIKE BARNES, ) | |
| ESTHER HINTON, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Corrected Complaint and Directing Further Proceedings**

Plaintiff Richard Keith Johnson has sued sixteen individuals and the Indiana Department of Corrections for violating his rights under the Eighth Amendment and Article 1, Sections 15 and 16 of the Indiana Constitution. Johnson seeks money damages or to be removed from the "SCU" and administrative segregation status. His Eighth Amendment claims are brought pursuant to 42 U.S.C. § 1983.

**I.**

The corrected complaint, see Dkt. No. 7, is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v.*

*Bock,* 127 S. Ct. 910, 921 (2007). To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted).

Pro se complaints such as that filed by Johnson, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

## II.

For the reasons explained below, the claims alleged in the complaint fail to state a claim upon which relief may be granted, the complaint is dismissed, and Johnson is given an opportunity to file a legally sufficient amended complaint.

### A.   Indiana Constitution

Any claim based on the asserted violation of the Indiana Constitution is dismissed because there is no private cause of action for damages under the Indiana Constitution under

circumstances such as alleged by Johnson. *Cantrell v. Morris*, 849 N.E.2d 488, 491-93 (Ind. 2006); *Estate of O≠Bryan v. Town of Sellersburg,* 2004 WL 1234215, *21 (S.D. Ind. May 20, 2004); *Malone v. Becher*, 2003 WL 22080737 at *18 (S.D. Ind. Aug. 29, 2003) (Indiana Supreme Court has not recognized an implied right of action for damages under Article 1, sections 15 and 16).

      **B.**      **Grievances**

Johnson alleges that Superintendent Bruce Lemmon, F. Littlejohn, and B. Gilmore violated his federally secured rights by not responding to his complaints about staff misconduct or denying his grievances. The theory associated with these claims is that the prison≠s inmate grievance procedures give rise to a liberty interest protected by the Due Process Clause and that these defendants violated the plaintiff≠s right to due process by not processing the grievances he claims to have submitted. But this Circuit has Αspecifically denounc[ed] a Fourteenth Amendment substantive due-process right to an inmate grievance procedure.≅ *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). As explained in *Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id* (internal citations omitted). Because the plaintiff had no expectation of a particular outcome of his grievances, there is no viable claim which can be vindicated through 42 U.S.C. ' 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under ' 1983). Merely acting (or not acting) on Johnson's grievance or complaints, did not cause the underlying denial of rights alleged.

### C. Administrative Segregation

Johnson alleges that his placement in administrative segregation violates his constitutional rights and that defendant Al Parke is liable for approving Johnson's administrative segregation status every 90 days. An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted a stringent interpretation of *Sandin.* In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks,* 128 F.3d 1173, 1175 (7th Cir. 1997). Insofar as pertinent here, there are no allegations to suggest that Johnson's confinement in segregation resulted in an atypical and significant hardship in relation to the ordinary incidents of prison life. The conditions of confinement imposed on the plaintiff "'likely would apply to most solitary confinement facilities,' suggesting that the conditions themselves were ordinary incidents of prison life that inmates have no liberty interest in avoiding." *Townsend v. Fuchs*, 552 F.3d 765, 772 (7th Cir. 2008) (*quoting Wilkinson v. Austin*, 545 U.S. 209, 222-24 (2005)). *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests . . . .") (citing *Sandin,* 515 U.S. at 484).

Accordingly, there is no viable due process claim asserted in Johnson's complaint and the dismissal of that claim as legally insufficient is proper. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.").

**D.     Eighth Amendment**

Johnson alleges that the SCU is not equipped to safely hold someone like Johnson who has seizures. Johnson asserts that he could drown in the shower or fall down the stairs. He explains that his cell does not have an intercom system to communicate a medical emergency.

The constitutional provision implicated by Johnson's claim is the Eighth Amendment's proscription against the imposition of cruel and unusual punishments. *Helling v. McKinney*, 113 S.Ct. 2475, 2480 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). Deliberate indifference requires a showing of two elements in this setting. *Palmer v. Marion County,* 327 F.3d 588, 593 (7th Cir. 2003). First, the prisoner must Aobjectively show that he was incarcerated under conditions posing a 'substantial risk of serious harm.'" *Id.* (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). Second, the prisoner must establish that the defendant had "knowledge of and disregarded the risk to his safety." *Id.* (citing *Farmer,* 511 U.S. at 837 ("[A] prison official cannot be found liable . . . unless the official knows of and disregards an excessive risk to inmate health or safety.")).

In this case there is not, however, even the hint (in the language of *Bell Atlantic*) of deliberate indifference in relation to an allegation sufficient to raise Johnson's right to relief above the speculative level or enough facts to state a claim to relief that is plausible on its face. *Board v. Farnham,* 394 F.3d 469, 478 (7th Cir. 2005)(A[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.@)(quotation marks and citation omitted). For example, defendant Mrs. Gadberry, an "H.A." is alleged to be

responsible for Johnson remaining under medical code G2. Defendant C. Nicholson allegedly allowed staff to "show deliberate indifference to Johnson['s] medical needs." Sgt. J. Shroyer allegedly allowed other officers to deny Johnson medical attention which caused Johnson to set a fire outside of his cell door. Finally, Esther Hinton is the medical contractor who blamed Dr. Joseph's refusal of proper medical attention on Johnson. These allegations are insufficient to state a facially plausible claim for relief under the Eighth Amendment.

### E. Conduct Reports and Disciplinary Proceedings

The claims against defendants Mike Rains, Jerry Synder, C. Nicolson, J. Schmitt, B. Scott and Mike Barnes relate to the imposition of disciplinary sanctions against Johnson.[1] As presented these allegations fail to state a claim upon which relief may be granted. Ordinarily, "'even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process.'" *Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006) (quoting *McPherson v. McBride,* 188 F.3d 784, 787 (7th Cir. 1999); *see also Hanrahan v. Lane,* 747 F.2d 1137, 1141 (7th Cir.1984) ("We find that an allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process

---

[1] Mike Rains issued a frivolous conduct report against Johnson for intimidation. Johnson was then placed on department wide administrative segregation. Good time credits were lost.
Jerry Snyder permitted Johnson to be punished for attempting to informally resolve a grievance against Officer B. Scott.
C. Nicolson reviewed a conduct report against Johnson and issued a report of conduct to Johnson while Johnson was in his cell being attacked by another offender with bodily waste.
Sgt. Schmitt issued a conduct report for Johnson's attempt to informally resolve his grievance against Officer Scott.
B. Scott issued a frivolous conduct report for intoxicants which resulted in the loss of good time credits.
Mike Barnes allowed a conduct report to stand.

protections as required in *Wolff v. McDonnell* are provided."); *Newsome v. McCabe,* 256 F.3d 747, 751-52 (7th Cir. 2001) (holding that no federal constitutional claim-in particular none premised on substantive due process-exists for "malicious prosecution").

In addition, to the extent that the conduct reports and subsequent disciplinary proceeding resulted in the deprivation of earned good time Johnson's claims must be dismissed. The settled law in these circumstances is that when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a ' 1983 claim. *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Edwards v. Balisok,* 520 U.S. 641 (1997), the foregoing rule was "extend[ed] . . . to the decisions of prison disciplinary tribunals." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007). Accordingly, such claims are dismissed without prejudice insofar as those claims are based on actions which resulted in the imposition of a sanction which lengthened the anticipated duration of Johnson's confinement.

### F.     Remaining Claims

Claims against the Indiana Department of Corrections, Richard Brown, Matt Leohr and "Joseph Dr." are dismissed as legally insufficient because there is no allegation of wrongdoing on their part. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994)(district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution).

### III.

No viable claim against any defendant has been identified in the screening of Johnson's corrected complaint. Accordingly, **the corrected complaint is dismissed pursuant to 28 U.S.C. § 1915A(b).** At this time, the dismissal of the complaint will not lead to the dismissal of this action. Johnson shall have **through July 1, 2013, in which to file an amended complaint.** The amended complaint should only include claims which were not dismissed in Part II of this Entry or claims for which the deficiency noted in Part II of this Entry can be corrected. In other words, claims outside the scope of the corrected complaint should not be raised in the amended complaint. The amended complaint will completely replace and supersede the original complaint. *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999).

In submitting an amended complaint, Johnson shall conform to the following guidelines:

- The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .";

- The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

- The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

**IT IS SO ORDERED.**

Date: 06/11/2013

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

RICHARD KEITH JOHNSON
DOC # 926081
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838